IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SANDRA HARMON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 21-1437-RGA |
| | : | |
| ADMINISTRATOR TODD LAWSON, et al., | : | |
| | : | |
| Defendants. | : | |

Sandra Harmon, Hartsville, South Carolina.   Pro Se Plaintiff.

Kevin J. Connors, Esquire, Marshall, Dennehey, Warner, Coleman & Goggin, Wilmington, Delaware.   Counsel for Defendants Todd Lawson and Gina Jennings.

Patricia A. Davis, Deputy Attorney General, Delaware Department of Justice, Dover, Delaware.   Counsel for Defendants Judge Richard Stokes and Gayle P. Lafferty.

**MEMORANDUM OPINION**

June 21, 2022
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff Sandra Harmon appears *pro se.* She commenced this lawsuit on October 8, 2021. She alleges violations of her constitutional rights pursuant to 42 U.S.C. § 1983 and violations of Delaware law. (D.I. 2). Before the Court are Defendants' motions to dismiss and Plaintiff's motion for my recusal. (D.I. 7, 15, 20). The matters have been fully briefed.

**I.    BACKGROUND**

This is Plaintiff's third lawsuit concerning the Sheriff's sale of her real property located in the State of Delaware.[1]

On November 7, 2018, as a result of Plaintiff's objection, Defendant Delaware Superior Court Judge Richard Stokes issued a stay of a Sheriff's sale of her private property, with the stay to remain in effect until her first two lawsuits, Civ. No. 17-1817 (D. Del.) and 18-1021-RGA (D. Del), were adjudicated.[2] (D.I. 2 at 2). On April 22, 2020, Plaintiff asked Judge Stokes to lift the stay, and he denied the request. (*Id*. at 2).

Plaintiff timely objected to the Sheriff's sale, the stay was not lifted, and Judge Stokes and Sussex County Defendants Todd Lawson and Gina Jennings moved forward and completed the sale without notice to her in violation of her right to due

---

[1] I accept Plaintiff's allegations as true and recite them in the light most favorable to her.
[2] In *Harmon v. Sussex County*, Civ. No. 17-1817-RGA (D. Del.), judgment was entered in favor of Defendants and against Plaintiff on September 12, 2019. Plaintiff appealed, and the decision was affirmed by the Court of Appeals on April 8, 2020. *Harmon v. Sussex County*, No. 19-3263 (3d Cir. Apr. 8, 2020). I dismissed the second case, *Harmon v. Department of Finance*, Civ. No. 18-1021-RGA (D. Del.) on March 3, 2022. (D.I. 70). Plaintiff's appeal of the dismissal is pending before the Court of Appeals. *See Harmon v. Department of Finance*, No. 22-1556 (3d Cir.).

1

process and equal protection, the Delaware Rules of Civil Procedure, and Delaware law.  (*Id*. at 2, 3).   Plaintiff filed a lis pendens and it supersedes the current lis pendens filed in the Sussex County Recorder of Deeds.   (*Id*. at 3).   Plaintiff seeks declaratory relief, injunctive relief, and $11,000,000 in punitive damages.   (*Id.* at 3-4).

The Court takes judicial notice that on January 12, 2018, the Department of Finance of Sussex County filed a monition suit against Plaintiff and others for delinquent sewer and water bills and a demolition lien.   *Department of Finance of Sussex County v. Harmon Heirs*, Civ. A. No. S18T-01-002 (Del. Super.) at BL-1.[3]   Monition was entered on January 18, 2018, and posted on the property on January 23, 2018.   *Id.* at BL-6.   On May 30, 2018, a notice of Sheriff's sale was posted at the physical entrance of the property and, on May 31, 2018, Plaintiff and the other property owners were notified by certified mail of a Sheriff's sale of the real estate to take place on June 19, 2018, at 9:30 a.m.   *Id.* at BL-16, BL-17, BL-18.

On June 8, 2018, Plaintiff filed a motion to dismiss and motion for injunctive relief in the monition suit, alleging violations of her constitutional rights.   *Id*. at BL-10. On June 18, 2018, the Superior Court denied the motion and ordered that the sale could proceed as scheduled on June 19, 2018.   *Id.* at BL-28.   The property was sold on June 19, 2018 to the highest bidder.   *Id*. at BL-36.   On June 21, 2018, Plaintiff filed a motion to invalidate and to dismiss.   *Id*. at BL-30.   Plaintiff filed an objection to the sale, and then an amended notice of objection.   *Id.* at BL-35, BL-44.

---

[3] The Court has access to the Superior Court docket via Bloomberg Law.   "BL" is how Bloomberg Law refers to docket entries.

On August 9, 2018, Plaintiff filed a motion to dismiss in the monition suit. *Id*. at BL-51. On November 7, 2018, the Superior Court stayed the matter while awaiting resolution of the two related federal civil cases Plaintiff had filed in this Court, that is, Civ. No. 17-1817-RGA, and Civ. No. 18-1021-RGA. *Id.* at BL-51. Plaintiff then filed a petition for a writ of mandamus in the Delaware Supreme Court to compel the Superior Court judge to dismiss the monition suit. *Id.* at BL-53, BL-56. The Delaware Supreme Court dismissed the petition. *Id*. at BL-57. An affidavit of non-redemption was filed on June 19, 2019, and an amended writ filed July 11, 2019. *Id*. at BL-59, BL-60.

On April 22, 2020, Plaintiff filed a motion in the monition suit to lift the stay and proceed with a hearing on the notice of objection to the Sheriff's sale. *Id*. at BL-61. On June 12, 2020, the Superior Court entered an order that denied the motion to lift the stay, observing that there remained a pending federal case and, in both the state and federal actions, Plaintiff argues the monition procedures used were wrong. *Id*. at BL-67. The monition case remains stayed.

On September 10, 2020, Lefton Harmon, who co-owned the property with Plaintiff, filed a petition for release of his half of the unclaimed "excess proceeds" from the sale of the property. *See Harmon v. Sheriff of Sussex*, at S20M-09-016 (Del. Super.); (D.I. 9 at 9, 88). On October 7, 2020, an order was docketed directing the Sussex County Prothonotary to release funds in the amount of $44,326.44 plus interest, representing half of the proceeds. (D.I. 9 at 8, 88). Disbursement of the Sheriff proceeds was processed on October 7, 2020 and the file was closed. (*Id*.).

County Defendants Lawson and Jennings move for dismissal under Fed. R. Civ. P. 12(b)(6). (D.I. 7, 8). State Judiciary Defendants Judge Stokes and State Court

3

Administrator Gayle P. Lafferty move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6). (D.I. 15, 16). All Defendant move the Court to abstain under the Younger Abstention Doctrine. (D.I. 7, 8, 15, 16). Plaintiff opposes. (D.I. 11, 18). She also moves for my recusal. (D.I. 20).

## II.   RECUSAL

I turn first to Plaintiff's motion for my recusal. (D.I. 20). Plaintiff's entire argument seeking my recusal is that the following grounds exist:

> Unfairness to the Plaintiff; Personal bias in favor of the Defendants, Failing to comply to the Appellate Court mandate, Abusing standing court procedure with respect to allowing additional evidence outside the scope of the Appellate Court Mandate & decision, and his personal interest in the cases at issue.

(*Id.*).

Plaintiff does not indicate under which statute she seeks my recusal. Presumably, it is 28 U.S.C. § 455(a), given that 28 U.S. C. § 144 requires a litigant to file "a sufficient affidavit that the judge has a personal bias or prejudice against [her]." *See Jayasundera v. Macy's Inc.*, 731 F. App'x 133, 136 (3d Cir. 2018), and Plaintiff has provided no such affidavit.

Pursuant to 28 U.S.C. § 455(a), a judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for recusal under § 455(a) is whether a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004). The standard under § 455(a) is therefore less than "whether a judge actually harbors bias against a party." *United States v. Kennedy*, 682 F.3d 244, 258 (3d Cir. 2012). Under §

4

455(b)(1), a judge is required to recuse himself "[w]here he has a personal bias or prejudice concerning a party."

Under either subsection, the bias necessary to require recusal generally "must stem from a source outside of the official proceedings." *Liteky v. United States*, 510 U.S. 540, 554 (1994); *Selkridge v. United of Omaha Life Ins. Co*., 360 F.3d 155, 167 (3d Cir. 2004) (beliefs or opinions which merit recusal must involve an extrajudicial factor). Hence, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. Similarly, claims of bias or partiality cannot be based on "expressions of impatience, dissatisfaction, annoyance, [or] even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display." *Id*. at 555–56.

It is evident in reading Plaintiff's motion that she is unhappy with rulings I made in her other cases assigned to me and her belief that I have been unfair to her. A reasonable, well-informed observer could not believe that my rulings were based on impartiality, bias, or actual prejudice. After careful and deliberate consideration, I conclude that I have no actual bias or prejudice towards Plaintiff and that a reasonable, well-informed observer would not question my impartiality. In light of the foregoing standard, and after considering Plaintiff's assertions, I conclude that there are no grounds for my recusal under 28 U.S.C. § 455. Therefore, the motion will be denied.

### III.     MOTIONS TO DISMISS

####    A.     Legal Standards

In reviewing a motion filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff.   *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).   Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."   *Id*.   A court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).   A Rule 12(b)(6) motion maybe granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"   *Davis v. Abington Mem'l Hosp*., 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).   I am "not required to credit bald assertions or legal conclusions improperly alleged in the complaint."   *In re Rockefeller Ctr. Props., Inc. Sec. Litig*., 311 F.3d 198, 216 (3d Cir. 2002).   A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive

plausibility." *Id*. at 347. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id*. Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

> In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. A document forms the basis of a claim if the document is "integral to or explicitly relied upon in the complaint." The purpose of this rule is to avoid the situation where a plaintiff with a legally deficient claim that is based on a particular document can avoid dismissal of that claim by failing to attach the relied upon document. Further, considering such a document is not unfair to a plaintiff because, by relying on the document, the plaintiff is on notice that the document will be considered.

*Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004) (internal citations omitted).

### B.  Discussion

#### 1.  Claims against County Defendants

The due process and equal protection claims are asserted pursuant to 42 U.S.C. § 1983. County Defendants seek dismissal on the grounds that the Complaint fails to allege the personal involvement required to state a claim under § 1983 (D.I. 8 at 13), and that Plaintiff's allegations that the monition case is complete and there was a complete adjudication of the case fails to state a claim because there has been no complete adjudication and the case remains stayed (*id*. at 11-12).

Plaintiff's Complaint fails to state claims and does not meet the pleading requirements of *Iqbal* and *Twombly*. The claims are conclusory without sufficient factual allegations to support the claims. In particular, there is nothing in Plaintiff's

7

Complaint that makes it plausible that either of the County Defendants personally violated her constitution rights. In Plaintiff's opposition, she makes additional, unpled allegations to support her claims against County Defendants. (D.I. 11 at 2). Plaintiff may not amend the Complaint through argument in her responsive brief and any new facts provided in her briefing may not be considered by the Court in connection with the motions to dismiss. *See generally Abbott v. Latshaw*, 164 F.3d 141, 147-48 (3d Cir. 1998). Therefore, the Court will grant County Defendants' motion to dismiss. (D.I. 7). Because there is a slight possibility that Plaintiff may be able to state viable claims against County Defendants, she will be given leave to amend the claims against them. I do not need to consider County Defendants' request for a more definite statement (D.I. 8 at 14-16), even assuming it is properly before me.

### 2. Judicial Immunity

The Complaint reads like an appeal from Judge Stokes's handling of the monition case. If Judge Stokes made some error in the handling of the case, Plaintiff's remedy is through the Delaware Courts. Judge Stokes is immune from suit in this Court, though. "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Capogrosso v. The Supreme Court of New Jersey,* 588 F.3d 180, 184 (3d Cir. 2009) (quoting *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted 'in the clear absence of all jurisdiction.'" *Id*. (citations omitted).

8

The allegations against Judge Stokes speak to actions taken in his judicial capacity. Moreover, Plaintiff fails to set forth any facts that would show that any of the judges' actions were in the absence of jurisdiction. State Judiciary Defendants' motion to dismiss based upon Judge Stokes judicial immunity will be granted.

### 3. Quasi-Judicial Immunity

State Court Administrator Lafferty has quasi-judicial immunity. Quasi-judicial immunity prevents Plaintiff from suing Lafferty in her individual capacity for actions taken within her judicial-related activities. There is a "recognized immunity enjoyed by . . . quasi[-]judicial officers." *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969). Immunity from suit applies when: [t]he official's action in question involves the exercise of discretionary judgment, *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435[-]36 (1993), performance of a function under the direction of a judge, *Waits v. McGowan*, 516 F.2d 203, 205-06 (3d Cir. 1975), performance of a ministerial duty pursuant to a statute, *see Smith v. Rosenbaum*, 460 F.2d 1019, 1020 (3d Cir. 1972), or performance of a function otherwise closely allied with the judicial process, *Waits v. McGowan*, 516 F.2d at 206.

Lafferty, as the State Court Administrator for the Delaware Administrative Office of the Courts, is appointed by and serves at the pleasure of the Chief Justice of the Delaware Supreme Court and assists the Chief Justice in carrying out his constitutional responsibilities as administrative head of all the courts of the State. *See* 10 Del. C. § 128(b) and (d). In addition, court administrators' duties are an integral part of the judicial process and personnel who act on behalf of a judicial officer have quasi-judicial immunity. *See Gallas v. Supreme Court*, 211 F.3d 760, 772-73 (3d Cir. 2000);

*Addlespurger v. Corbett*, 461 F. App'x 82, 85 (3d Cir. 2012). State Judiciary Defendants' motion to dismiss based upon Lafferty's quasi-judicial immunity will be granted.

### 4. Younger Abstention

All Defendants move for *Younger* abstention and argue that this case implicates the second and third *Sprint* categories and directly implicates the on-going state court action. Plaintiff argues that abstention is not appropriate.

"Younger abstention is not analyzed under either Rule 12(b)(1) or 12(b)(6)." *See Knox v. Union Twp. Bd. of Educ.*, 2015 WL 769930, at *5 n.7 (D.N.J. Feb. 23, 2015). "Dismissal on abstention grounds without retention of jurisdiction is in the nature of a dismissal under Fed. R. Civ. P. 12(b)(6)." *Gwynedd Properties, Inc. v. Lower Gwynedd Twp.*, 970 F.2d 1195, 1206 n.18 (3d Cir. 1992). Thus, "matters outside of the pleadings are not to be considered." *Knox*, 2015 WL 769930, at *5 n.7. The Court, however, may take judicial notice of court documents. *Gwynedd Properties*, 970 F.2d at 1206 n.18

Under the *Younger* abstention doctrine, a federal district court must abstain from hearing a federal case which interferes with certain state proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971). A *Younger* abstention analysis requires courts to first analyze whether the parallel state action falls within one of three "exceptional" categories: (1) ongoing criminal prosecutions, (2) "certain civil enforcement proceedings," and (3) "civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (cleaned up).

Proceedings in state court fall within the third Sprint category when they involve orders "uniquely in furtherance of the state courts' ability to perform their judicial functions." *Id*.   A monition action is similar to a foreclosure action.   Courts in this Circuit have declined to apply *Younger* abstention when the underlying state action is a foreclosure action, absent a request to enjoin state proceedings, because such an action does not fall into any of the three categories.   *See Dowell v. Bayview Loan Servs., LLC*, 2017 WL 9486188, at *10 (M.D. Pa. May 4, 2017).   Accordingly, the motions for *Younger* abstention will be denied.   *See Harmon v. Department of Fin*., 2021 WL 355152, at *2–3 (D. Del. Feb. 2, 2021), *appeal dismissed*, 2021 WL 3674121 (3d Cir. June 9, 2021), *cert. denied*, __U.S.__, 142 S. Ct. 300 (2021).

**IV.   CONCLUSION**

For the above reasons, the Court will: (1) grant County Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6); (2) grant State Judicial Defendants' motion to dismiss; (3) deny Defendants' motions for abstention under the Younger Abstention Doctrine; (4) give Plaintiff leave to file an amended complaint against County Defendants Todd Lawson and Gina Jennings; and (5) deny Plaintiff's motion for my abstention.

A separate order shall issue.