IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SANDRA HARMON,

       Plaintiff,

v.                                                                  Civil Action No. 21-1437-RGA

ADMINISTRATOR TODD LAWSON,
et al.,

       Defendants.

---

Sandra Harmon, Hartsville, South Carolina. Pro Se Plaintiff.

Kevin J. Connors, Esquire, Marshall, Dennehey, Warner, Coleman & Goggin, Wilmington, Delaware. Counsel for Defendants.

**MEMORANDUM OPINION**

May 24, 2023
Wilmington, Delaware


ANDREWS, U.S. District Judge:

Plaintiff Sandra Harmon appears *pro se* and proceeds *in forma pauperis*. (D.I. 4). She commenced this lawsuit on October 8, 2021. (D.I. 2). The Amended Complaint is the operative pleading. (D.I. 23). Plaintiff alleges violations of her constitutional rights pursuant to 42 U.S.C. § 1983 and violations of Delaware law.[1] (*Id.*). Before the Court is Defendants Lawson and Jennings' motion to dismiss. (D.I. 24). The matter has been fully briefed.

I.   **BACKGROUND**

By Memorandum Opinion and Order issued on June 21, 2022, the Court granted Defendants' motions to dismiss the initial complaint for failure to state a claim, but gave Plaintiff leave to file an amended complaint against Defendants Todd Lawson and Gina Jennings. (D.I. 21, 22). Plaintiff filed an amended complaint on July 5, 2022. (D.I. 23).

This is Plaintiff's third federal lawsuit concerning the Sheriff's sale of her real property located in the State of Delaware. In *Harmon v. Sussex County*, Civ. No. 17-1817-RGA (D. Del.), judgment was entered in favor of the defendants and against Plaintiff on September 12, 2019. Plaintiff appealed, and the decision was affirmed by the Third Circuit on April 8, 2020. *Harmon v. Sussex County*, No. 19-3263 (3d Cir. Apr. 8, 2020). By Memorandum Opinion and Order issued today, this Court granted in part the defendants' motion to dismiss the claims in the second case, allowing some of the claims to proceed. *See Harmon v. Department of Finance*, Civ. No. 18-1021-RGA (D.

---

[1] The Delaware law violations do not appear to provide the basis for any independent claims against Defendants, but to the extent they do, I would not exercise supplemental jurisdiction over them.

1

Del.).   One of the defendants in Civ. No. 18-1021 is a private attorney named Jason Adkins, who is not now, and never has been, a defendant in the present action.

The Court takes judicial notice that on January 12, 2018, during the pendency of Civ. No. 17-1817-RGA, and prior to the time Plaintiff commenced Civ. No. 18-1021-RGA and this action, the Department of Finance of Sussex County filed a monition action against Plaintiff and others for delinquent sewer and water bills and a demolition lien (the "Monition Action").   *See Department of Finance of Sussex County v. Harmon Heirs*, Civ. A. No. S18T-01-002 (Del. Super.) at BL-1.[2]   The Monition Action was filed on behalf of Sussex County by Attorney Adkins.   A monition writ was entered on January 18, 2018, and posted on the property on January 23, 2018.   *Id.* at BL-6.   On May 30, 2018, a notice of Sheriff's sale was posted at the physical entrance of the property and, on May 31, 2018, Plaintiff and the other property owners were notified by certified mail of a Sheriff's sale of the real estate to take place on June 19, 2018, at 9:30 a.m.   *Id.* at BL-16, BL-17, BL-18.

On June 8, 2018, Plaintiff filed a motion to dismiss and motion for injunctive relief in the Monition Action, alleging violations of her constitutional rights.   *Id.* at BL-10.   On June 18, 2018, the Superior Court denied the motion and ordered that the sale could proceed as scheduled, noting that Plaintiff could file any objection to the sale within a month of the sale date.   *Id.* at BL-28.   On June 19, 2018, the property was sold to the highest bidder, Wayne Hudson.   *Id.* at BL-36.   On June 21, 2018, Plaintiff filed a motion to invalidate and to dismiss.   *Id.* at BL-30.   The Superior Court denied the

---

[2] The Court has access to the Superior Court docket via Bloomberg Law.   "BL" is how Bloomberg Law refers to docket entries.

2

motion to invalidate and dismiss as moot on July 6, 2018, but again noted that Plaintiff could file an objection to the sale on or before July 19, 2018. *Id.* at BL-34.  On July 12, 2018, Plaintiff filed an objection to the sale, and then filed an amended notice of objection on August 7, 2018.  *Id.* at BL-35, BL-44.

On August 9, 2018, Plaintiff filed a motion to dismiss in the Monition Action.  *Id.* at BL-45.  On September 27, 2018, Adkins, who had been the sole counsel of record for Sussex County in the Monition Action withdrew from representing Sussex County and was replaced by other attorneys.  *Id.* at BL-47. [3]

On November 7, 2018, the Superior Court stayed the matter while awaiting resolution of the two related federal civil cases Plaintiff had filed here, that is, Civ. No. 17-1817-RGA, and Civ. No. 18-1021-RGA.  *Id.* at BL-51.  Plaintiff then filed a petition for a writ of mandamus in the Delaware Supreme Court to compel the Superior Court judge to dismiss the Monition Action.  *Id.* at BL-53, BL-56.  The Delaware Supreme Court dismissed the petition.  *Id.* at BL-57.  An affidavit of non-redemption was filed on June 19, 2019, and an amended writ filed July 11, 2019, which stated that, in addition to Wayne Hudson, Robert Downes and David Downes also purchased the property at the Sheriff's sale.  *Id.* at BL-59, BL-60.

On April 22, 2020, Plaintiff filed a motion to lift stay and proceed with a hearing on the notice of objection to Sheriff's sale in the Monition Action.  *See* Civ. A. No. S13T-01-002 at BL-61.  On June 12, 2020, the Superior Court entered an order that denied the motion to lift the stay.  *Id.* at BL-67.  The Superior Court observed that

---

[3] Plaintiff has provided the dockets showing Adkins' withdrawal from the various cases on September 27, 2018.  (D.I. 23-2, at 3-4; D.I. 23-5, at 2 & 4 of 4).

there remained a pending federal case,[4] that the issues that would be considered in the federal case would affect the Superior Court's approach, and that, in both the state and federal actions, Plaintiff was arguing that the monition procedures used were wrong. Id.

On September 10, 2020, Lefton Harmon, who is Plaintiff's brother-in-law and co-owned the property with her, filed a counseled petition for release of unclaimed proceeds, seeking to recover his half of the proceeds from the Sheriff's sale. See Harmon v. Sheriff of Sussex County, Civ. A. No. S20M-09-016 (Del. Super.) at BL-1. On October 6, 2020, the Superior Court issued an order directing the Sussex County Prothonotary to release funds in the amount of $44,326.44, plus interest, to the law firm representing Lefton. Id. at BL-7. The disbursement was processed the following day and the case was marked closed. (D.I. 26 at 90).

In the Amended Complaint in the present action, Plaintiff alleges that Attorney Adkins, whom she refers to as "Defendants' employee," engaged in extensive wrongful conduct against her in the Monition Action, which she attributes to Defendants through an apparent lack of oversight. Plaintiff alleges:

> Defendants turned a blind eye to their employee Jason Adkins conduct, and allowed their employee Jason Adkins to violate the Plaintiff Sandra Harmon right to due process and equal protection under the law when he used his power as their employee to engage in intentional and malicious violations to the Rules of Civil Procedure for the State Court, violate State Laws, mislead the courts, present fraudulent pleadings to the court, and engage in outright fraudulent and collusive acts using malicious conduct directed at misleading the Courts in a successful attempt to prevent the Plaintiff Sandra Harmon from having any legal and meaningful participating from the start to the end of the Court Actions in which he, Jason Adkins filed and litigated against the Petitioner Sandra Harmon in Civil Action Number S18T-01-002,

---

[4] The Superior Court was referring to Civ. No. 18-1021-RGA; the present action had yet to be filed.

4

> S17 M-10-018, S17-M-10-019, and the actual Administrative Procedure for the timely made Objection to the Sheriff Sale by the Plaintiff Sandra Harmon to gain possession of Plaintiff Sandra Harmon privately owned real estate by unlawful means, and without due process and equal protection under the law.

(D.I. 23 at 2).[5]  Plaintiff also repeatedly asserts that the Monition Action has terminated without her participation, and that her lack of participation was orchestrated through fraudulent actions undertaken by Adkins. (*See, e.g., id.* at 3) ("The unlawful conduct of the defendants' employee resulted in the complete adjudication of the Sheriff Sale Administrative Proceeding without meaningful and legal participation by the Plaintiff Sandra Harmon, and in disregard of the Stay issued by the state Court . . . ."). For relief, Plaintiff requests rescission of the unlawful deprivation of her private property rights, restoration of her ownership in the property, and eleven million dollars in damages. (*Id.* at 6-7).

In their motion to dismiss, Defendants Lawson and Jennings make two primary arguments. First, they argue that the underlying premise of Plaintiff's allegations—that the Monition Action has been completely adjudicated without her participation—is incorrect because the Superior Court docket clearly reflects that the Monition Action is active but stayed pending the outcome of Civ. No. 18-1021-RGA. Second, Defendants argue that Plaintiff's substantive claims fail because she has not stated claims for due process or equal protection violations and she has not alleged any actions taken by Defendants Lawson and Jennings that violated her rights. (D.I. 25 at 17-22). Plaintiff opposes dismissal. (D.I. 28).

---

[5] Plaintiff does not state the relevant dates. Based on the state court dockets that are attached to her Amended Complaint, Adkins withdrew from the cases nearly three years before the instant suit was filed.

5

## II.     LEGAL STANDARD

In reviewing a motion filed under Fed. R. Civ. P. 12(b)(6), the Court accepts all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, her pleadings are liberally construed and the Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* at 94. A Rule 12(b)(6) motion maybe granted only if, accepting the well-pleaded allegations in the Amended Complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The Court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 12. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable

inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

### III. DISCUSSION

The central premise of the Amended Complaint is flawed. The Monition Action has not been completely adjudicated. Rather, it is active and explicitly stayed pending the outcome of Plaintiff's other remaining federal action. Furthermore, despite her assertion that she was not given an opportunity to participate (as allegedly caused by non-party Attorney Adkins), the Superior Court docket reflects that prior to the Sheriff's sale, she filed two motions to dismiss, which were denied, and has pending objections to the Sheriff's sale, as well as another motion to dismiss, which presumably will be addressed when the stay has been lifted.

For these reasons, Plaintiff's due process claim is inherently flawed as she has had an opportunity to be heard in the Monition Action and will have future opportunities to be heard. *See Mancini v. Northampton Cnty.*, 836 F.3d 308, 315 (3d Cir. 2016) ("Fundamentally, procedural due process requires notice and an opportunity to be heard.") (citing *Mathews v. Eldridge*, 424 U.S. 319, 333, 348 (1976)). Her equal protection claim also fails because she has pleaded no facts plausibly suggesting that she was treated differently from others similarly situated. *See Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006) (holding that under the class of one theory

of equal protection, "plaintiff must allege that (1) the defendant treated [her] differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment.").

Perhaps more fundamentally, Plaintiff's allegations read as if Attorney Adkins is the Defendant. Attorney Adkins is a named Defendant in Civ. No. 18-1021-RGA, and the allegations against him in that case are similar, and in some cases identical, to the allegations against him in the present case. Most of the allegations go toward his procedural decisions and actions during the course of litigating the Monition Action (prior to his withdrawal from the case in 2018). Furthermore, to the extent that an attorney's wrongful litigation actions could be imputed to a client, Plaintiff alleges that Defendants "turned a blind eye" to his alleged conduct, thus suggesting a lack of culpability for his actions. See *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018) (noting that in the § 1983 context, the Supreme Court requires a "'showing of direct responsibility' by the named defendant and to eschew any 'theory of liability' in which defendants played 'no affirmative part in depriving any[one] . . . of any constitutional rights, including theories of vicarious or respondeat superior liability.") (quoting *Rizzo v. Goode*, 423 U.S. 362, 376-77 (1976), and *Iqbal*, 556 U.S. at 676) (alterations in original). Plaintiff simply has not plausibly alleged wrongful conduct on the part of Defendants Lawson and Jennings.[6]

---

[6] In the Amended Complaint, Lawson's name is only used once, to identify the job he held, and Jennings' name is only used twice, once to identify the job she held, and once to say she was negligent in not sending out "notice of default" to Plaintiff indicating she had not paid the water and sewage bill and the demolition cost in 2017. (D.I. 23 at pp. 1-2, 4).

Therefore, the Court will grant Defendants' motion to dismiss. Although it seems unlikely that Plaintiff can state a viable claim against Defendants Lawson and Jennings, the Court will afford her one more opportunity to amend.

## IV.   CONCLUSION

For the above reasons, the Court will grant Defendants' motion to dismiss. Plaintiff will be given leave to file a second amended complaint.

A separate order shall issue.